UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-687(DSD/SRN)

Tenth Floor, LLC,

      Plaintiff,

v.                                            ORDER

Alberto Marzan and Net
Gain Interactive, LLC,

      Defendants.

      Susan E. Ellingstad, Esq., David W. Asp, Esq. and Lockridge, Grindal & Nauen, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401, counsel for plaintiff.

      Thomas R. Anderson III, Esq. and Robichaud & Anderson, PA, 211 Washington Avenue North, Minneapolis, MN 55401, counsel for defendants.

This matter came on for hearing on February 27, 2006, and on March 3, 2006, upon plaintiff's motion for a temporary restraining order. Plaintiff and defendants appeared through counsel at both hearings. Based upon a review of the file, record and proceedings herein, and the arguments of counsel, plaintiff's motion is denied.

## BACKGROUND

This motion arises out of an alleged violation of a non-compete agreement. Plaintiff Tenth Floor, LLC, is a web design, development and marketing company with its principal place of

business in Cleveland, Ohio.  Tenth Floor hired defendant Alberto Marzan to open an office in Minneapolis, Minnesota.  On January 1, 2005, Marzan became a member of Tenth Floor pursuant to the terms and conditions set forth in Tenth Floor's Second Amended and Restated Operating Agreement ("operating agreement").  (See Pietrocola Aff. Ex. 1.)  The operating agreement contained, among other things, a non-compete clause.  In January of 2006, Marzan tendered his resignation to Tenth Floor and, at some point in time, founded defendant Net Gain Interactive, LLC, a subsidiary of Bolin Advertising.  (Id. Exs. 2-3.)  On February 16, 2006, Marzan sent an e-mail to all Tenth Floor clients announcing his departure from Tenth Floor, his new position as president and founder of Net Gain Interactive and his new contact information.  (Id. Exs. 5-7.)

On February 21, 2006, Tenth Floor filed this action, alleging that Marzan's solicitation of Tenth Floor clients violated the non-compete clause within the operating agreement.[1]  On the same day,

---

[1] The court notes that it raised the issue of subject matter jurisdiction at the February 27 hearing because the citizenship of each member of Tenth Floor, LLC, and Net Gain Interactive, LLC, was not separately pleaded.  See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) (for purposes of diversity, limited liability companies have the citizenship of each member).  Counsel for both sides informed the court that Marzan ceased being a member of Tenth Floor on February 17, four days prior to the filing of the complaint.  Therefore, the court is satisfied that it has jurisdiction.

2

Tenth Floor also moved for a temporary restraining order to enjoin Marzan from further violating the agreement.[2]

**DISCUSSION**

A temporary restraining order is an extraordinary remedy. See Watkins Inc., v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003). The court balances the following four factors to determine whether a temporary restraining order should issue: (1) is there a substantial threat that plaintiff will suffer irreparable harm if relief is not granted, (2) does the irreparable harm to plaintiff outweigh any potential harm that granting a temporary restraining order may cause the defendants, (3) is there a substantial probability that plaintiff will prevail on the merits and (4) what action is in the public interest. Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc); see also Taylor Corp. v. Four Seasons Greetings, LLC, 315 F.3d 1039, 1041

---

[2] Plaintiff's motion is entitled a motion for a temporary restraining order and preliminary injunction. This matter originally came on for hearing on February 27, 2006, as a motion for a temporary restraining order. At that hearing, the court scheduled a second hearing for March 3, 2006, to allow the parties to resolve factual discrepancies in the record and to facilitate settlement. At the March 3 hearing, and in a supplemental memorandum of law, plaintiff requested that the court issue a preliminary injunction, as opposed to a temporary restraining order, because the defendants had by then had adequate notice and an opportunity to appear. See Fed. R. Civ. Pro. 65. The court declines to do so and does not reach the issue of whether a preliminary injunction should issue.

(8th Cir. 2003). Plaintiff bears the burden to prove all four factors. See Watkins, 346 F.3d at 844.

The threat of irreparable harm is perhaps the most important factor as the "basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." Watkins, 346 F.3d at 844 (internal quotations omitted). Failure to show irreparable harm is an independently sufficient ground upon which to deny injunctive relief. Id. Indeed, where legal remedies are adequate, injunctive relief is never appropriate. Id. at 844 (citing Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th Cir. 1989) (en banc)).

In this case, plaintiff has failed to show how defendants' alleged wrongful actions are likely to cause irreparable harm. Plaintiff argues that Marzan's documented past violations of the operating agreement are sufficient. The court respectfully disagrees. To the extent that Marzan violated the operating agreement in the past, plaintiff's remedies are in law, based upon its breach of contract claim, and not in equity. Tenth Floor has only speculated as to its allegation that Marzan continues to contact or solicit Tenth Floor clients. Marzan claims that he does not intend to engage in any further solicitation of Tenth Floor clients. (See Marzan Aff. ¶¶ 15-18.) To the extent Marzan's past conduct results in any future loss of clients, compensatory legal

damages will be ascertainable. Therefore, as Tenth Floor has adequate legal remedies, injunctive relief is inappropriate.

Though plaintiff's failure to establish irreparable harm is fatal to its motion, the court will examine the remaining <u>Dataphase</u> factors. Under the second factor, the court considers whether the irreparable harm to the plaintiff outweighs any potential harm to the defendants should the restraining order issue. <u>See</u> <u>Dataphase</u>, 640 F.2d at 114. Because plaintiff has failed to demonstrate irreparable harm, the court has nothing to weigh in its favor. On the other hand, should the restraining order issue, Marzan may suffer an overly broad restriction in his ability to engage in gainful employment. The balance of harms therefore tips in favor of Marzan and against the issuance of a restraining order.

The third factor questions whether there is a substantial probability that the plaintiff will prevail on the merits. <u>See</u> <u>Dataphase</u>, 640 F.2d at 113. Plaintiff presents a persuasive argument in support of its claim that Marzan has violated the terms of the operating agreement. Plaintiff further argues that, pursuant to the non-compete clause, there are sixty-four prospective and current Tenth Floor clients that Marzan may not contact or solicit. (<u>See</u> Pietrocola Aff. Ex. 11.) However, the defendants present a number of legal defenses and factual allegations which, if proved, may undermine plaintiff's position. Specifically, defendants argue that eleven of the sixty-four Tenth

5

Floor clients do not fall within the scope of the non-compete clause. The parties have only begun, however, to offer evidence of the nature of Net Gain Interactive, the extent of its connection with Bolin Advertising and to what extent, if any, the eleven disputed clients are within the scope of the non-compete clause. At this stage of the proceedings, the factual development necessary to address the parties' arguments is lacking. Therefore, plaintiff's likelihood of success on the merits does not weigh in favor of an injunction.

The fourth Dataphase factor calls the court to consider the public interest. See 640 F.2d at 114. The public interest favors the enforcement of valid non-compete agreements. See N.I.S. Corp. v. Swindle, 724 F.2d 707, 710 (8th Cir. 1984). However, if Marzan can establish his factual assertions that several of the identified clients are not within the scope of the non-compete clause, then the public interest would favor promoting competition. See Benfield, Inc. v. Moline, 351 F. Supp. 2d 911, 919 (D. Minn. 2004) ("[T]he public interest favors both enforcing contracts and promoting competition."). Again, further factual development is necessary. As the burden rests with plaintiff to affirmatively prove each factor, the court will not speculate. The court therefore determines that the fourth Dataphase factor does not affirmatively weigh in plaintiff's favor.

Considering all four factors together, particularly the lack of any showing of irreparable harm, the court finds that the "extraordinary remedy" of a temporary restraining order should not issue.  See Watkins, 346 F.3d at 844.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion for a temporary restraining order [Doc. No. 2] is denied.

Dated:  March 8, 2006

                                    s/David S. Doty
                                    David S. Doty, Judge
                                    United States District Court